UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| RONALD J. BARROSSE | * | |
| PLAINTIFF | * | CIVIL ACTION NO. _____ |
| VERSUS | * | SECTION: _____ |
| HUNTINGTON INGALLS INCORPORATED, et al. | * | JUDGE: _____ |
| DEFENDANTS | * | MAG. JUDGE: _____ |

\* \* \* \* \* \* \* \* \*

## NOTICE OF REMOVAL

NOW INTO COURT, through undersigned counsel, come defendants, Huntington Ingalls Incorporated (f/k/a Northrop Grumman Shipbuilding, Inc., f/k/a Northrop Grumman Ship Systems, Inc., f/k/a Avondale Industries, Inc.) and OneBeacon America Insurance Company (n/k/a Lamorak Insurance Company)[1] (collectively "the Avondale Interests"), who, pursuant to 28 U.S.C. §§ 1441, 1442, and 1446, notice the removal of the above-entitled action bearing No. 2020-03681 on the docket of the Civil District Court for the Parish of Orleans, State of Louisiana (hereinafter, the "State Case"), to the United States District Court for the Eastern District of Louisiana. This Court has subject matter jurisdiction under 28 U.S.C. § 1441 in that the action arises "under the Constitution, laws or treaties of the United States" within the meaning of that statute, and because the Avondale Interests were, at all material times, acting under an officer of the United States as set forth in 28 U.S.C. § 1442. The grounds for removal are as follows:

---

[1] Lamorak Insurance Company was sued as the alleged insurer of various alleged executive officers of Avondale.

1.

Venue of the removed action is proper in this Court as it is the district court for the district where the State Case is pending, pursuant to 28 U.S.C. § 1441(a).

2.

On May 11, 2020, Plaintiff filed suit naming the Avondale Interests as defendants.[2] The Petition alleges that Plaintiff worked at Avondale from February 3, 1969 to June 10, 1977.[3] It further alleges that during his employment, Plaintiff was exposed to asbestos and asbestos-containing dust.[4] As a result of these alleged exposures, the Petition claims that Plaintiff was diagnosed with malignant mesothelioma.[5]

3.

Plaintiff was deposed on May 27, 2020.[6] He testified that he worked as an electrician's helper and then as an electrician onboard launched vessels at Wet Dock 1 at Avondale.[7] While at Wet Dock 1, Plaintiff testified that he primarily worked on Destroyer Escorts built for the United States Navy.[8] While aboard the Destroyer Escorts, Plaintiff stated he was exposed to asbestos dust from working around other crafts using asbestos-containing insulation, cloth, and mastics.[9]

4.

Plaintiff's deposition testimony revealed that his alleged asbestos exposures relate, in part, to his alleged exposures to asbestos-containing materials being installed aboard and around Destroyer Escorts (hereinafter "Federal Vessels") built by Avondale pursuant to contracts with the

---

[2] Exhibit A, Original Petition for Damages, ¶ 2.
[3] *Id.* at ¶ 26.
[4] *Id.* at ¶ 38.
[5] *Id.* at ¶ 13.
[6] Exhibit B, Deposition of Ronald Barrosse.
[7] *Id.* at p. 34.
[8] *Id.* at p. 36-39.
[9] *Id.* at p. 46-54.

United States Navy. Plaintiff, therefore, is claiming that he was injured due to asbestos-containing products allegedly aboard ships pursuant to contracts with the U.S. Navy.

5.

Plaintiff's Petition was served upon the Avondale Interests on June 19, 2020;[10] therefore, this removal is timely under 28 U.S.C. § 1446. *See City of Clarksdale v. BellSouth Telecommunications, Inc.*, 428 F.3d 206, 210 (5th Cir. 2005) (citing *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347–48 (1999)).

6.

This action involves persons acting under the authority of an officer of the United States within the meaning of 28 U.S.C. § 1442(a)(1). To establish jurisdiction under this statute, a defendant must show: (1) it has asserted a colorable federal defense, (2) it is a "person" within the meaning of the statute, (3) that has acted pursuant to a federal officer's directions, and (4) the charged conduct is related to an act pursuant to a federal officer's directions. *Latiolais v. Huntington Ingalls, Inc.*, 951 F.3d 286, 296 (5th Cir. 2020) (*en banc*).

7.

The Avondale Interests are "persons" within the meaning of 28 U.S.C. § 1442(a)(1). *E.g., Savoie v. Huntington Ingalls Incorporated,* 817 F.3d 457, 461 (5th Cir. 2016).

8.

Avondale, and its executive officers, were "acting under" an "officer . . . of the United States or [an] agency thereof" within the meaning of § 1442(a)(1) when it built the Destroyer Escorts for the United States Navy because the United States government contracted with Avondale to perform a task that the federal government otherwise would itself have had to

---

[10] Exhibit C, Print-out from Orleans Parish Sheriff's Office.

perform—namely, to build ships "used to help conduct a war" and to further other national interests. *E.g.*, *Watson v. Philip Morris Companies, Inc.*, 551 U.S. 142, 153-54 (2007); *Savoie,* 817 F.3d at 461-62 (Avondale was acting under a federal officer in the construction of vessels for the United States Navy).

9.

If Plaintiff experienced exposure to asbestos from his work on the Federal Vessels, the use of asbestos-containing materials on those vessels was required and controlled by officers of the United States.

10.

Plaintiff's claims against the Avondale Interests are claims "for or related to" acts performed under color of federal office within the meaning of the text of 28 U.S.C. § 1442(a)(1) because the charged conduct is "connected or associated with" an act under a federal officer's direction. *Latiolais,* 951 F.3d at 292.

11.

The use and installation of asbestos-containing materials in the construction of Federal Vessels was required by the contractual provisions and design specifications mandated by the federal government acting through the U.S. Navy.

12.

The materials used in the construction of the Federal Vessels – including asbestos-containing materials – were the kind, type, and brand of materials specifically mandated by the Vessel Construction Contracts between Avondale and the United States government, and by the incorporated drawings, plans and specifications for the construction of the Federal Vessels.

13.

The shipbuilding process—specifically including the use and installation of asbestos-containing materials aboard the Federal Vessels—was supervised and monitored by inspectors and other representatives of the United States government to ensure that Avondale complied with the design specifications mandated by the U.S. Navy.

14.

The inspections by representatives of the United States government included a determination that the supplies (including raw materials, components, and end products) used in the construction of the Federal Vessels were the supplies required by the contracts and specifications, including asbestos-containing thermal insulation and other asbestos-containing materials, as well as non-asbestos insulation materials. Inspections occurred throughout construction and prior to final acceptance of the Federal Vessel. If Avondale did not use the supplies required by the contracts, including asbestos-containing materials, the federal government could demand that Avondale replace the supplies with conforming materials and/or put Avondale in default of contract.

15.

The United States government required Avondale to provide representatives of the United States government, including government inspectors, with office space and other attendant facilities within the shipyard.

16.

Extensive Dock Trials, Builder's Trials, and Sea Trials on the Federal Vessels were performed by representatives of the United States government prior to the commission of each

Federal Vessel to ensure conformity with the design specifications mandated by the United States government.

17.

The United States government also promulgated specific safety rules, regulations and requirements for shipbuilding. These regulations included specific permissible safe exposure levels for asbestos pursuant to the Walsh-Healey Public Contracts Act and the U.S. Department of Labor Safety and Health Regulations for Shipbuilding, 29 C.F.R. § 1502.1, which regulations set safety standards to meet the provisions of the Longshore and Harbor Workers' Compensation Act requirements to render Avondale's workplace safe pursuant to 33 U.S.C. § 941. Avondale was guided by and required to comply with these safety regulations during Federal Vessel construction. United States government safety inspectors specifically monitored and enforced these safety regulations as well as the construction of the Federal Vessels on a day-to-day and job-specific basis.

18.

The Avondale Interests raise two colorable federal defenses to one or more of Plaintiff's claims in this action. First, one or more of Plaintiff's claims is barred under the jurisprudential doctrine of government contractor immunity established by *Boyle v. United Techs. Corp.,* 487 U.S. 500 (1988), and its progeny. *Latiolais,* 951 F.3d at 297-98 (holding Avondale's *Boyle* defense is colorable). Furthermore, Plaintiff's negligence claims relate to the acts performed under color of federal office.

19.

The reasonably precise design specifications established by the U.S. Navy mandated the installation of asbestos and asbestos-containing products on the Federal Vessels. The Federal

Vessels conformed to the specifications mandated by the U.S. Navy—the specifications mandated the use of asbestos, and Avondale built the Federal Vessels using asbestos. The United States government had knowledge of the potential hazards of asbestos-containing materials in the workplace that was equal to or superior to that of Avondale.

20.

Second, Plaintiff's claims against the Avondale Interests are barred by the federal defense of derivative sovereign immunity as set forth in *Yearsley v. W.A. Ross Construction Co.*, 309 U.S. 18 (1940), and its progeny. *Yearsley* established that a federal government contractor, performing at the direction and authorization of a federal government officer, is immune from suit based upon performance of the contract. The *Yearsley* doctrine applies here rendering the Avondale Interests immune from suit because the Avondale Interests performed the at-issue acts at the direction of federal government officers acting pursuant to federal government authorization.

21.

Removal under 28 U.S.C. § 1442 does not require the consent of any defendant. *See Ely Valley Mines, Inc. v. Hartford Acc. and Indemnity Co.,* 644 F.2d 1310 (9th Cir. 1981); *Bottos v. Avakian,* 477 F. Supp. 610 (N.D. Ind. 1979), *aff'd*, 723 F.2d 913 (7th Cir. 1983).

22.

Because this Court has federal officer jurisdiction over at least one claim asserted by Plaintiff, it has supplemental jurisdiction over the entire action. *Savoie,* 817 F.3d at 463; 28 U.S.C. § 1367(a).

23.

With this Notice, the Avondale Interests are filing a "copy of all process, pleadings, and orders served upon" it in the State Case. 28 U.S.C. §§ 1446(a), (d). In addition, written notice is

being given to all adverse parties, and a copy of this Notice is being filed with the Clerk of the Civil District Court for the Parish of Orleans, State of Louisiana.

WHEREFORE, the Avondale Interests hereby give notice that the proceeding bearing No. 2020-03681 on the docket of the Civil District Court for the Parish of Orleans, State of Louisiana, is removed to the docket of this Court for trial and determination as provided by law; and the Avondale Interests ask that this Court enter such orders and issue such process as may be proper to bring before it copies of all records and proceedings in the State Case, and to proceed with this civil action as a matter properly removed.

Respectfully submitted,

IRWIN FRITCHIE URQUHART & MOORE LLC

*/S/ David M. Melancon*_____
GUS A. FRITCHIE III (#5751)
TIMOTHY F. DANIELS (#16878)
DAVID M. MELANCON (#23216)
EDWARD W. TRAPOLIN (#27667)
KEVIN POWELL (#25324)
CHRISTOPHER T. WHELEN (#36079)
400 Poydras Street, Suite 2700
New Orleans, Louisiana 70130
Telephone: (504) 310-2100
Facsimile:  (504) 310-2101
***Additional Counsel for Lamorak Insurance Company on issues of Avondale Executive Officer liability and damages only***

-AND-

SAMUEL M. ROSAMOND, III (17122)
srosamond@twpdlaw.com
ADAM D. DEMAHY (29826)
ademahy@twpdlaw.com
**TAYLOR, WELLONS, POLITZ & DUHE, APLC**
1515 Poydras Street - Suite 1900
New Orleans, Louisiana 70112
Phone: 504-525-9888
Fax:    504-525-9899

*Counsel for Lamorak Insurance Company*

-AND-

**BLUE WILLIAMS, LLP**
BRIAN C. BOSSIER (#16818)
EDWIN A. ELLINGHAUSEN, III (#1347)
CHRISTOPHER T. GRACE, III (#26901)
ERIN H. BOYD (#20121)
LAURA M. GILLEN (#35142)
WHITNEY C. STEWART (#38905)
3421 N. Causeway Blvd., Suite 900
Metairie, LA 70002
Telephone: (504) 831-4091
Facsimile: (504) 837-1182
*Counsel for Huntington Ingalls Incorporated*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing Notice of Removal was filed electronically with the Clerk of Court using the Court's CM/ECF system and a copy sent to all counsel of record by electronic means on the 17th day of July, 2020.

*/s/ David M. Melancon*