2020-03681

**J**

Section 15

FILED

2020 MAY 11   P 12:51
CIVIL
DISTRICT COURT

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

DOCKET NO.

DIV.: " "

RONALD J. BARROSSE

VERSUS

HUNTINGTON INGALLS INCORPORATED, ET AL

FILED: _____    _____
                                                        DEPUTY CLERK

<u>PETITION FOR DAMAGES</u>

Now into Court, through undersigned counsel, comes the Plaintiff, Ronald J. Barrosse, (hereinafter, referred to as Plaintiff or Mr. Barrosse), whose name and residence are shown on Exhibit "A," which is attached hereto and incorporated herein, who files this, his Petition for Damages:

1.    Mr. Barrosse had substantial exposure to asbestos and asbestos-containing products sold, distributed, supplied, applied, removed, used, manipulated and/or maintained on the premises described in Exhibit "A".

2.    The Defendants, identified in Exhibit "B," are all either: (a) foreign corporations licensed to do and doing business in the state of Louisiana, (b) domestic corporations licensed to do business and doing business in the state of Louisiana, (c) individuals who are domiciled in this state, (d) individuals who are not domiciled in this state, or (e) foreign or alien insurers, that are liable to the Plaintiff for the claims asserted herein.

3.    Each Defendant corporation and/or its predecessor-in-interest is, or at times material hereto, has been engaged in the processing, manufacturing, installation, removal, maintenance, sale, use and/or distribution of asbestos, asbestos-containing products, and/or machinery requiring or calling for the use of asbestos and/or asbestos-containing products (hereinafter collectively referred to as "asbestos-



VERIFIED

Tyme Jones

2020 MAY 11   P 01

# J

## Section 15

containing products"), or held themselves out as manufacturers of such products or were professional vendors of such products.

4.      Mr. Barrosse worked with and/or was exposed to asbestos-containing products while working at the premises in the state of Louisiana identified in Exhibit "A." Plaintiff has been exposed, on numerous occasions, to asbestos and/or asbestos-containing products produced, installed, removed, maintained, sold, and/or distributed by Defendants and, in so doing, has inhaled significant quantities of asbestos fibers, and as a result has suffered injuries proximately caused by such exposure.

5.      Plaintiff was exposed to asbestos or asbestos-containing products in occupation(s) set forth in Exhibit "A." The conduct of each Defendant was a substantial contributing factor in causing Plaintiff's injuries, such that all Defendants are liable jointly, severally, and in solido for all of the damages complained of herein.

<u>VENUE</u>

6.      The defendants, Eagle, Inc. and Taylor-Seidenbach, Inc. are domestic corporations with principal places of business located in Orleans Parish. Plaintiff was exposed to products, distributed and installed by the above-referenced defendants at the work sites listed herein. Plaintiff specifically alleges that these products, in combination with other asbestos-containing products, caused his asbestos-related injuries.

7.      Each of the defendants listed in Exhibits "B," contributed with Eagle, Inc. and Taylor-Seidenbach, Inc. to Plaintiff's exposure to asbestos at his work sites, including but not limited to, the exposure sites listed herein. Each of these defendants is liable in solido, with Eagle, Inc. and Taylor-Seidenbach, Inc. to the Plaintiff. Thus, venue proper for these defendants is proper for all defendants pursuant to Louisiana Code of Civil Procedure articles 42 and 73.

2020-03681

**J**

Section 15

FILED

2020 MAY 11   P 12:51

CIVIL

DISTRICT COURT

8.      Further, the insurance defendant, OneBeacon America Insurance Company, issued policies of comprehensive general liability insurance to defendants, Huntington Ingalls Incorporated's executive officers, including Hettie Margaret Dawes-Eaves, Edwin Hartzman and Henry "Zac" Carter, all of whom are deceased, who contributed to Plaintiff's exposure at Plaintiff's work sites, including but not limited to, the exposure sites listed herein. Hettie Margaret Dawes-Eaves, Edwin Hartzman and Henry "Zac" Carter were domiciled in Orleans Parish at the time of their death. As such, the insurance defendant is liable for the damages alleged against Huntington Ingalls Incorporated's executive officers, including Hettie Margaret Dawes-Eaves, Edwin Hartzman and Henry "Zac" Carter, individually, jointly and *in solido*. In addition, pursuant to the Louisiana Direct Action Statute, La. R.S. 22:1269, venue is proper for these defendants.

## BACKGROUND

9.      During Plaintiff's occupational exposure period, Eagle, McCarty and Taylor-Seidenbach, Inc. designed, tested, evaluated, packaged, furnished, stored, handled, transported, installed, used, supplied and/or sold asbestos-containing products, including, but not limited to the asbestos-containing products set forth below and identified herein:

| Defendants | Asbestos-Containing Products |
|---|---|
| Eagle, Inc. | Pipe insulation, block insulation, insulating cement, gaskets, packing and such other asbestos-containing products as may be discovered during discovery and/or proven at trial. |
| The McCarty Corporation | Pipe insulation, block insulation, insulating cement, gaskets, packing and such other asbestos-containing products as may be discovered during discovery and/or proven at trial. |
| Taylor-Seidenbach, Inc. | Pipe insulation, block insulation, insulating cement, gaskets, packing and such other asbestos-containing products as may be discovered during discovery and/or proven at trial, including asbestos-containing siding. |

2020-03681

**J**

Section 15

FILED

2020 MAY 11   P 12:51

CIVIL

DISTRICT COURT

Each of the foregoing asbestos containing products was used at Plaintiff's jobsites listed herein where Plaintiff was exposed to such asbestos-containing products, construction materials, insulation, and products that contained fibrous, incombustible, chemical-resistant mineral substances commonly called "asbestos."

10.     When inhaled or otherwise ingested, asbestos, shortly after inhalation or ingestion, causes irreparable and progressive damage that can manifest itself as asbestos-related pleural diseases, asbestosis, lung cancer and mesothelioma.

11.     Each of the defendants knew or should have known through industry and medical studies, the existence of which were unknown to the Plaintiff, of the health hazards inherent in the asbestos-containing products they were selling or using. Instead of warning the Plaintiff and the general public about these dangers, the defendants ignored or concealed such information, or condoned such concealment.

12.     In connection with his work at Plaintiff's jobsites listed herein during the exposure period, the Plaintiff was exposed to and inhaled or otherwise ingested significant quantities of asbestos having neither knowledge, nor reason to believe that these materials were dangerous.

13.     As a direct and proximate contributing result of having inhaled, ingested or otherwise having been exposed to asbestos while working at the exposure sites listed herein, Plaintiff has received injuries, both physically and mentally, including, without limitation, malignant mesothelioma.

14.     Because of the latency period of the above injuries and other injuries caused by asbestos and because of the active concealment by some defendants of the causes and effects of exposure to asbestos, the Plaintiff has only recently, within one year, discovered his injuries.

2020-03681

# J

## Section 15

FILED

2020 MAY 11  P 12:51

CIVIL

DISTRICT COURT

### COUNT ONE

### NEGLIGENCE
("Defendants" in this count mean Eagle, Inc.;
The McCarty Corporation; and Taylor-Seidenbach, Inc.)

15.     The illnesses and disabilities of Plaintiff are a direct and proximate result
of the negligence of Defendants and/or its predecessor-in-interest in that said entities
produced, sold and/or otherwise put into the stream of commerce asbestos or asbestos-
containing products, which the Defendants knew, or in the exercise of ordinary care,
should have known were deleterious and highly harmful to Plaintiff's health and well-
being.  The Defendants were negligent in one, some or all of the following respects,
among others, same being the proximate cause of Plaintiff's illnesses and disabilities:

(a)     failing to timely and adequately warn Plaintiff of the dangerous
        characteristics and serious health hazards associated with exposure to
        asbestos and/or asbestos-containing products;

(b)     failing to provide Plaintiff with information as to what would be
        reasonably safe and sufficient wearing apparel and proper protective
        equipment and appliances, if any, to protect Plaintiff from being harmed
        and disabled by exposure to asbestos and/or asbestos-containing
        products;

(c)     failing to place timely and adequate warnings on the containers of said
        asbestos, or asbestos-containing products, to warn of the dangers to health
        of coming into contact with said asbestos or asbestos-containing products
        and/or machinery;

(d)     failing to take reasonable precautions or exercise reasonable care to
        publish, adopt and enforce a safety plan and/or safe method of handling,
        installing, and/or using or removing asbestos and/or asbestos-containing
        products;

E-Filed

2020-03681

**J**

Section 15

FILED

2020 MAY 11   P 12:51

CIVIL

DISTRICT COURT

(e)   failing to develop and/or use a substitute material to eliminate asbestos fibers in the asbestos-containing products;

(f)   failing to properly design and manufacture asbestos and/or asbestos-containing products for safe use under conditions of use that were reasonably anticipated;

(g)   failing to properly test asbestos-containing products before they were released for consumer use; and

(h)   failing to recall and/or remove from the stream of commerce said asbestos-containing products despite knowledge of the unsafe and dangerous nature of such products.

<u>COUNT TWO</u>

NEGLIGENCE

AGAINST THE CONTRACTOR DEFENDANT

("Contractor Defendant" in this count means The Cajun Company)

16.   The Cajun Company contracted at Union Carbide in Taft, Louisiana to perform certain activities at that jobsite prior to and/or during Plaintiff's employment with Union Carbide.

17.   The activities conducted by the Cajun Company included, but were not limited to, the application, demolition, displacement, disturbance, fabrication, installation, purchase, removal, repair, replacement, tearing out, and use of asbestos-containing products at Union Carbide in Taft, Louisiana.

18.   The foregoing activities resulted in the release of substantial quantities of asbestos dust into the work environment.

19.   Plaintiff was exposed to and inhaled substantial quantities of asbestos dust as a direct and proximate result of the activities of the Contractor Defendant.

20.   The Contractor Defendant negligently performed and/or permitted their subcontractors to negligently perform the foregoing activities in the following non-exclusive particulars:

2020-03681

# J

Section 15

FILED

2020 MAY 11  P 12:51

CIVIL

DISTRICT COURT

(a)   By creating a work environment laden with asbestos dust and an unhealthy and unsafe place for Plaintiff to work;

(b)   By failing to provide warnings, or adequate warnings, to Plaintiff of the dangers and risks posed by the asbestos in the atmosphere in which Plaintiff worked; of the need for correct, adequate, and/or appropriate safety equipment; of critical medical and safety information regarding asbestos hazards in general and of hazards at the jobsites in particular; and of the hazards created by the Contractor Defendant's activities;

(c)   By failing to test, or adequately test, the work environment for the presence of toxic, hazardous and carcinogenic chemicals, particularly asbestos;

(d)   By failing to apprise Plaintiff of the need for periodic medical examinations as a result of Plaintiff's exposure to asbestos created by the Contractor Defendants' activities;

(e)   By failing to ventilate and/or properly ventilate the areas in which Plaintiff performed activities, or otherwise provide a safe and suitable means of eliminating the amount of asbestos dust in the air;

(f)   By failing to clean up and/or properly clean up the asbestos dust created by the Contractor Defendant's activities;

(g)   By failing to formulate policies and adopt plans, procedures, and supervision necessary for the adequate protection of persons, such as Plaintiff, who came into contact with asbestos dust as a result of the Contractor Defendant's activities;

(h)   By recklessly concealing from Plaintiff and negligently failing to provide critical medical and safety information to Plaintiff regarding the safety and health risks associated with the asbestos and asbestos-containing products;

E-Filed

2020-03681

**J**

Section 15

FILED

2020 MAY 11  P 12:51

CIVIL

DISTRICT COURT

(i)  By failing to adopt and/or failing to enforce safety rules after such rules were actually adopted;

(j)  By failing to keep abreast of the scientific and engineering knowledge regarding the dangers of, and protection against, occupational exposure to asbestos;

(k)  By failing to properly supervise and/or monitor their work areas for compliance with safety regulations;

(l)  By failing to supervise their operations and the operations of their subcontractors;

(m)  By commencing and continuing operations, which were under their control and supervision, when they knew or should have known that such operations would cause Plaintiff and co-employees to be exposed to asbestos, without protection, on a daily basis;

(n)  By failing to timely, adequately and safely remove asbestos hazards from the workplace;

(o)  By failing to comply with applicable State and Federal regulations regulating workplace exposure to asbestos (including, but not limited the Occupational Safety and Health Act);

(p)  By applying, demolishing, displacing, disturbing, fabricating, installing, removing, repairing, replacing, and tearing out products that Contractor Defendant knew, or in the exercise of reasonable diligence should have known, were unreasonably dangerous, or unreasonably dangerous per se;

(q)  By not providing safety instructions or sufficient safety instructions for eliminating or reducing the health risks associated with their activities;

(r)  By failing to test or adequately test the materials with which they were working to determine the presence of asbestos;

E-Filed

2020-03681

**J**

Section 15

FILED

2020 MAY 11   P 12:51

CIVIL

DISTRICT COURT

(s)   By failing to purchase products and materials that did not contain asbestos;

(t)   By purchasing, using, applying, demolishing, displacing, disturbing, fabricating, installing, removing, repairing, replacing, and tearing out products that contained asbestos;

(u)   By failing to properly label products that they purchased, used, applied, demolished, displaced, disturbed, fabricated, installed, removed, repaired, replaced, and tore out as containing asbestos; and

(v)   By conducting their activities through such other negligent acts or omissions, as may be revealed in discovery and/or proven at trial.

21.   The negligent acts outlined above were a substantial contributing factor in Plaintiff's exposure to dangerous and hazardous levels of asbestos, and resultant damages.

22.   The foregoing negligent acts of the Cajun Company were a cause-in-fact and proximate cause of the Plaintiff's injuries and damages.

23.   Additionally, the Cajun Company is liable for the acts of their subcontractors under the doctrine of *respondeat superior* and Louisiana Civil Code article 2320.

24.   Additionally, when the Cajun Company did not employ Plaintiff, Plaintiff was exposed to the asbestos-containing products that were purchased, used, applied, demolished, displaced, disturbed, fabricated, installed, removed, repaired, replaced, and torn out by the Cajun Company that was in the care, custody and control of the Cajun Company and was unreasonably dangerous due to the presence of asbestos.

2020-03681

**J**

Section 15

FILED

2020 MAY 11  P 12:51

CIVIL

DISTRICT COURT

<u>COUNT THREE</u>

NEGLIGENCE AGAINST PREMISES OWNER AND EMPLOYER

("Defendants" in this count mean Huntington Ingalls Incorporated;
and Lamorak Insurance Company, f/k/a OneBeacon America Insurance Company, as
successor to Commercial Union Insurance Company, as the insurer of Huntington
Ingalls Incorporated's executive officers, Hettie Eaves-Dawes, Edwin Hartzman, and
Henry "Zac" Carter, all of whom are deceased)

25.     Huntington Ingalls, f/k/a Northrop Grumman Shipbuilding, Inc., f/k/a Northrop Grumman Ship Systems, Inc., f/k/a Avondale Industries, Inc. (hereinafter, "Avondale") is a privately-owned company that builds, repairs, and/or converts vessels, barges and/or tugs on its premises. In connection with this work, Avondale enters into contracts with both private owners and the government.

26.     From February 3, 1969 to June 10, 1977, Mr. Barrosse was employed by Avondale. As a direct employee of Avondale, he received instruction, direction, and/or supervision from Avondale and/or its executive officers.

27.     Plaintiff did not receive instruction, direction, and/or supervision from the United States Government or any other person or entity that could be deemed a federal officer.

28.     Whether the contracts were with private owners or the United States Government, Defendants had a same duty to protect its employees and provide a safe place for its employees to work.

29.     Nevertheless, Defendants failed to provide and/or ensure a safe workplace for their employees, including Mr. Barrosse, free of hazardous concentrations of asbestos and asbestos-containing dust.

30.     Plaintiff is not alleging that Defendants are liable for the mere use of asbestos, but rather, Plaintiff is alleging that Defendants are liable because of the *careless manner* in which they used asbestos and their failure to utilize safety measures, which Defendants were required to utilize under both federal and state law, and pursuant to the terms of their contracts.

E-Filed

- 10 -

2020-03681

**J**

Section 15

FILED

2020 MAY 11   P 12:51

CIVIL

DISTRICT COURT

31.    Avondale was contractually bound to comply with federal and state laws. Specifically, no federal officer directed Avondale to break the law, including the legal requirements under the minimum federal safety laws.

32.    The Walsh Healy Public Contracts Act ("Walsh Healy") and later, the Occupational Safety & Health Act ("OSHA"), specified that work be performed under circumstances that did not expose workers to hazardous or dangerous conditions. Some of the specific *minimum* requirements for employers designed to protect employees from ordinary hazards, which Defendants failed to implement, include:

   a.    local exhaust ventilation,

   b.    enclosure of processes involving hazardous activity,

   c.    isolation of dusty work,

   d.    providing workers with respiratory protection,

   e.    monitoring of the air for asbestos, and

   f.    implementation of measures to prevent work clothes from contaminating street clothes.

32.    OSHA further made clear that these minimum standards would not displace state or local laws that provided stricter or more exacting standards, such as Louisiana's law that required Defendants to furnish employment that was reasonably safe for their employees. Specifically, Louisiana law required Defendants to:

   a.    furnish and use safety devices and safeguards;

   b.    adopt and use methods and processes reasonably adequate to render such employment and the place of employment safe in accordance with the accepted and approved practice in such or similar industry or places of employment considering the normal hazard of such employment; and

   c.    do every other thing reasonably necessary to protect the life, health, safety and welfare of such employees.

E-Filed

2020-03681

**J**

Section 15

FILED

2020 MAY 11  P 12:51

CIVIL

DISTRICT COURT

34.     Further, asbestos was a hazardous dust that was regulated in Louisiana as early as 1943, when the Louisiana Sanitary Code set forth mandates for the safe handling of asbestos, including mandatory air monitoring.

35.     Defendants     and/or     their     predecessors-in-interest,     subsidiaries,     or successors-in-interest, individually and/or in concert, breached their duty of ordinary care to the Plaintiff by negligently hiring, delegating, training, administering, supervising and performing duties owed individually and/or delegated to them, or by failing to hire, delegate, train, administer, supervise or perform duties owed individually and/or delegated to them; and Defendants' breach of duty directly and proximately causing the asbestos-related injuries, illnesses and disabilities of Plaintiff. Defendants and/or their predecessors-in-interest, subsidiaries, or successors-in-interest were negligent in one, some and/or all of the following respects, among others, same being the proximate cause of Plaintiff's asbestos-related injuries, illnesses and disabilities:

   (a)    in failing to provide adequate safety equipment, including, change rooms, and/or clothes for Plaintiff to change into while working at its premises;

   (b)    in failing to protect Plaintiff from any asbestos exposure;

   (c)    in failing to provide Plaintiff sufficient personal protective equipment, safety devices and work procedures intended to prevent or substantially eliminate the effects of asbestos exposure;

   (d)    in failing to supervise or ensure compliance with applicable safety guidelines concerning exposure to asbestos or asbestos-containing products;

   (e)    in failing to use or misusing equipment and instrumentalities within their control which were intended to minimize Plaintiff's exposure to asbestos dust;

2020-03681

**J**

Section 15

FILED

2020 MAY 11  P 12:51

CIVIL

DISTRICT COURT

(f)    in failing to properly perform safety inspections of the Plaintiff's workplace;

(g)    in failing to properly perform engineering service, consulting and direction of work involving the installation, removal, maintenance and/or disturbance of asbestos at Plaintiff's work site;

(h)    in failing to comply with applicable State and Federal regulations regarding workplace exposure to asbestos; and

(i)    in failing to properly perform or direct the removal and abatement of asbestos in place at Plaintiff's work site;

(j)    in negligently failing to disclose, warn or reveal medical and safety information to Plaintiff regarding the hazards of asbestos;

(k)    in failing to properly hire, delegate, train, administer and/or supervise employees to be in charge of providing a safe place to work;

(l)    in failing to evaluate the workplace;

(m)    in failing to properly implement control measures to reduce or eliminate harmful agents in the workplace, including asbestos; and

(n)    in failing to properly train, educate and/or warn Mr. Barrosse of the dangers of asbestos.

36.    Defendants are liable to Plaintiff for their failure to exercise reasonable care to protect Plaintiff from the foreseeable dangers associated with exposure to asbestos. Defendants, as the premises operator and/or manager and/or owner and occupier, and/or custodian, had a non-delegable duty to keep the premises safe for invitees. The Premise Defendants knew or should have known of the unreasonable risk of harm inherent in exposure to asbestos and asbestos-containing materials but failed to protect Plaintiff from said risk of harm. Defendants' failure to protect Plaintiff from known and/or foreseeable dangers constitutes negligence. Said negligence was a proximate cause of Plaintiff, Ronald J. Barrosse, contracting malignant mesothelioma.

2020-03681

**J**

Section 15

FILED

2020 MAY 11  P 12:51

CIVIL

DISTRICT COURT

37.    Plaintiff alleges negligent conduct and misconduct on behalf of Plaintiff's employer in failing to provide and/or ensure a safe workplace for their employees, free of hazardous concentrations of asbestos and asbestos-containing dust.

38.    At various times, Plaintiff was employed by the Employer Defendants and during such time was exposed to asbestos and asbestos-containing dust without the provision of appropriate safeguards by Defendants.

39.    Each of the Defendants and/or their predecessors-in-interest, subsidiaries, or successors-in-interest, individually and/or in concert, breached their duty of ordinary care to the Plaintiff by negligently hiring, delegating, training, administering, supervising and performing duties owed individually and/or delegated to them, or failing to hire, delegate, train, administer, supervise or perform their duties owed individually and/or delegated to them directly and proximately causing the asbestos-related injuries, illnesses and disabilities of Plaintiff.  The Defendants and/or their predecessors-in-interest, subsidiaries, or successors-in-interest were negligent in one, some and/or all of the following respects, among others, same being the proximate cause of Plaintiff's asbestos-related injuries, illnesses and disabilities:

(a)    in failing to provide adequate safety equipment;

(b)    in failing to protect Plaintiff from any asbestos exposure;

(c)    in failing to provide Plaintiff sufficient personal protective equipment, safety devices and work procedures intended to prevent or substantially eliminate the effects of asbestos exposure;

(d)    in failing to supervise or ensure compliance with safety guidelines concerning exposure to asbestos or asbestos-containing products;

(e)    in failing to use or misusing equipment and instrumentalities within their control which were intended to minimize Plaintiff's exposure to asbestos dust;

2020-03681

# J

## Section 15

FILED
2020 MAY 11  P 12:51
CIVIL
DISTRICT COURT

(f)   in failing to properly perform safety inspections of the Plaintiff's workplace;

(g)   in failing to properly perform engineering services, consulting and direction of work involving the installation, removal, maintenance and/or disturbance of asbestos at Plaintiff's work sites;

(h)   in failing to comply with applicable State and Federal regulations regarding workplace exposure to asbestos; and

(i)   in failing to properly perform or direct the removal and abatement of asbestos in place at Plaintiff's work sites; and

(j)   in negligently failing to disclose, warn or reveal medical and safety information to Plaintiff regarding the hazards of asbestos.

(k)   in failing to properly hire, delegate, train, administer and/or supervise employees to be in charge of providing a safe place to work;

(l)   in failing to evaluate the workplace;

(m)   in failing to properly hire, delegate, train, administer and/or supervise employees to be in charge of providing a safe place to work;

(n)   in failing to properly evaluate the workplace;

(o)   in failing to properly implement control measures to reduce or eliminate harmful agents in the workplace, including asbestos; and

(p)   in failing to properly train, educate and/or warn the plaintiff of the dangers of asbestos.

40.   The negligence of Plaintiff's employers was a substantial factor and contributed in causing Plaintiff, Ronald J. Barrosse, to contract malignant mesothelioma.

## COUNT FOUR

41.   Plaintiff avers that Lamorak Insurance Company, f/k/a OneBeacon America Insurance Company, as successor to Commercial Union Insurance Company, issued policies of comprehensive general liability insurance to Avondale Industries,

- 15 -

2020-03681

# J
## Section 15

FILED

2020 MAY 11  P 12:51

CIVIL

DISTRICT COURT

Inc.'s executive officers, Hettie Eaves-Dawes, Edwin Hartzman, and Henry "Zac" Carter, all of whom are deceased, that provided coverage for the causes of action asserted by Plaintiff against Avondale Industries, Inc.'s executive officers, including Hettie Margaret Dawes-Eaves, Edwin Hartzman and Henry "Zac" Carter. As such, Lamorak Insurance Company f/k/a OneBeacon America Insurance Company, as successor to Commercial Union Insurance Company is liable for the damages alleged against Avondale Industries, Inc.'s executive officers, including Hettie Margaret Dawes-Eaves, Edwin Hartzman and Henry "Zac" Carter, individually, jointly and *in solido*.

## COUNT FIVE

### JOINT AND SOLIDARY LIABILITY

42.     Each of the Defendants knew or should have known that its individual actions would combine to cause the injuries of the Plaintiff.

43.     The actions of each of the Defendants are a proximate cause of Plaintiff's injuries.   As a result, all Defendants are jointly and solidarily liable for the damage caused by their combined actions.

## DAMAGES

44.     The conduct of Defendants, as alleged hereinabove, was a direct, proximate and producing cause of the damages resulting from the asbestos-related disease and other related physical conditions of Plaintiff.  Plaintiff has been damaged in the following non-exclusive particulars:

(a)     Plaintiff has suffered great physical pain and mental anguish and will continue to suffer great pain of body and mind throughout his lifetime;

(b)     Plaintiff has incurred economic loss, including hospital and/or medical and/or pharmaceutical and/or other expenses and will continue to incur such loss and/or expenses in the future due to the progressively disabling character of asbestos-related lung disease and other related physical

E-Filed

2020-03681

**J**

Section 15

FILED

2020 MAY 11  P 12:51

CIVIL

DISTRICT COURT

conditions from which he now suffers and will continue to suffer in the future;

(c)   Plaintiff suffers a physical impairment at this time and will continue to suffer this impairment in the future due to the disabling character of asbestos-related lung disease and other related physical conditions;

(d)   Plaintiff suffers a permanent partial disability at this time and will become permanently and totally disabled in the future due to the progressive character of asbestos-related lung disease and other related physical conditions;

(e)   Plaintiff is subject to increased progression of his cancer all due to his exposure to asbestos by the named Defendants;

(f)   Plaintiff requires or will require domestic help and nursing care due to his disabilities and has been or will be required to pay for such domestic help and nursing service; and

(g)   Prior to the onset of his symptoms, Plaintiff was extremely active and participated in numerous hobbies and activities, and as a result of his illness, Plaintiff has been and will be prevented from engaging in some of said activities, which were normal to him prior to developing symptoms from asbestos-related lung disease.  Plaintiff has been and will otherwise be prevented from participating in and enjoying the benefits of a full and complete life.

45.    Plaintiff filed suit within one (1) year of the date of discovering Plaintiff's asbestos-related conditions or the existence of any asbestos-related causes of action.

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands judgment against the Defendants, and each of them, jointly and severally, for general damages, special damages, for their costs expended herein, for prejudgment interest from the date of Plaintiff's filing of the lawsuit and post judgment interest on the judgment at the rate

- 17 -

2020-03681

# J

## Section 15

FILED

2020 MAY 11  P 12:51

CIVIL

DISTRICT COURT

allowed by law, and for such other and further relief, both at law and in equity, to which Plaintiff may show themselves justly entitled.

Respectfully submitted,

WADDELL ANDERMAN, L.L.C.

By: _____

Cameron R. Waddell (Bar No. 24245)
Jody E. Anderman (Bar No. 18764)
Claire Carville Ross (Bar No. 35698)
2222 Eastgate Drive
Baton Rouge, LA  70816
Telephone: (225) 636-5639
Facsimile: (225) 636-5209
Counsel for plaintiff

E-Filed

2020-03681

# J

## Section 15

FILED

2020 MAY 11  P 12:51

CIVIL

DISTRICT COURT

EXHIBIT "A"

| | |
|---|---|
| Plaintiff: | Ronald J. Barrosse |
| Address: | 252 Moonraker Dr.<br>Slidell, LA 70458 |
| SSN: | 434-74-**** |
| Disease: | Mesothelioma |

| WORK HISTORY | | | |
|---|---|---|---|
| YEARS | EMPLOYER | SITE | OCCUPATION |
| 2/3/69 – 6/10/77 | Avondale Industries | Avondale, LA | Electrician helper/Electrician |
| 1978 -1979 | Union Carbide | Taft, LA | Technician |

E-Filed

2020-03681

**J**

Section 15

FILED

2020 MAY 11   P 12:51

CIVIL

DISTRICT COURT

EXHIBIT "B"

1.   The Cajun Company
(f/k/a Cajun Insulation Company)
a corporation duly organized, created and existing under and by virtue of the
laws of the state of Louisiana, with its principal place of business in Lafayette,
Louisiana and with an agent for service in the state of Louisiana, to-wit: James L.
Pate, 1001 W. Pinhook Rd., Ste. 200, Lafayette, LA 70503;

2.   Eagle, Inc.
(f/k/a Eagle Asbestos & Packing Co., Inc.)
a corporation duly organized, created and existing under and by virtue of the
laws of the state of Louisiana, with its principal place of business in New
Orleans, Louisiana and with an agent for service in the state of Louisiana, to-wit:
Susan B. Kohn, 1100 Poydras Street, 30th Floor, New Orleans, LA 70163;

3.   Huntington Ingalls Incorporated
(f/k/a Northrop Grumman Shipbuilding, Inc., f/k/a Northrop Grumman Ship
Systems, Inc., f/k/a Avondale Industries, Inc.)
a Virginia corporation authorized to do business in the State of Louisiana, with a
principal place of business in Avondale, Louisiana and with an agent for service,
to-wit:  CT Corporation System, 3867 Plaza Tower Dr., Baton Rouge, LA 70816;

4.   The McCarty Corporation
a corporation duly organized, created and existing under and by virtue of the
laws of the state of Louisiana, with its principal place of business in Baton Rouge,
Louisiana and with an agent for service in the state of Louisiana, to-wit:  Paul H.
Spaht, 4232 Bluebonnet Blvd, Baton Rouge, LA;

5.   OneBeacon America Insurance Company
(as successor to Commercial Union Insurance Company)
(as the insurer of Avondale Industries, Inc. and its executive officers, Hettie
Margaret Dawes-Eaves, Edwin Hartzman and Henry "Zac" Carter, all of whom
are deceased)
(For Service of Process via the Direct Action Statute La R.S. 22:1269)
a company authorized to do and doing business in the State of Louisiana, and
who may be served through the Louisiana Secretary of State; and

6.   Taylor-Seidenbach, Inc.
(f/k/a Taylor-Seidenbach, Incorporated)
a domestic corporation duly organized, created and existing under and by virtue
of the laws of the state of Louisiana, with its principal place of business in New
Orleans, Louisiana and with an agent for service, to-wit:  Robert I. Shepard, 731
South Scott Street, New Orleans, LA  70119.

E-Filed

2020-03681



Section 15

FILED

2020 MAY 11  P 12:51

CIVIL

DISTRICT COURT

PLEASE SERVE THE FOLLOWING
DEFENDANTS WITH A COPY
PLAINTIFF'S PETITION FOR DAMAGES:

1.   The Cajun Company
     (f/k/a Cajun Insulation Company)
     Through its agent for service of process:
     James L. Pate
     1001 W. Pinhook Rd., Ste. 200
     Lafayette, LA 70503

2.   Eagle, Inc.
     Through its agent for service of process:
     Susan B. Kohn
     1100 Poydras Street, 30th Floor
     New Orleans, LA 70163;

3.   Huntington Ingalls Incorporated
     (f/k/a Northrop Grumman Shipbuilding, Inc., f/k/a Northrop Grumman Ship
     Systems, Inc., f/k/a Avondale Industries, Inc.)
     Through its agent for service of process:
     CT Corporation System
     3867 Plaza Tower Drive
     Baton Rouge, LA 70816;

4.   The McCarty Corporation
     Through its agent for service of process:
     Paul H. Spaht
     4232 Bluebonnet Blvd.
     Baton Rouge, LA 70809;

5.   OneBeacon America Insurance Company
     (as successor to Commercial Union Insurance Company)
     (as the insurer of Avondale Industries, Inc.'s executive officers, Hettie Margaret
     Dawes-Eaves, Edwin Hartzman and Henry "Zac" Carter, all of whom are
     deceased)
     (For Service of Process via the Louisiana Direct Action Statute, L.R.S. 22:1269)
     Through the Louisiana Secretary of State
     8549 United Plaza Boulevard
     Baton Rouge, LA 70809; and

6.   Taylor-Seidenbach, Inc.
     (f/k/a Taylor-Seidenbach, Incorporated)
     Through its agent for service of process:
     Robert I. Shepard
     731 South Scott Street
     New Orleans, LA  70119.

E-Filed