# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

**RONALD BARROSSE**                                    **CIVIL ACTION**

**VERSUS**                                                        **NO. 20-2042-WBV-JVM**

**HUNTINGTON INGALLS**                         **SECTION: D (1)**
**INCORPORATED, ET AL.**

## ORDER AND REASONS

Before the Court is an *Ex Parte*/Consent Motion for Entry of Final Judgment Pursuant to Rule 54(B) Regarding Summary Judgment in Favor of The Avondale Interests, filed by Huntington Ingalls Incorporated ("Avondale").[1]   According to Avondale, the remaining parties have consented to the Motion.[2]

Local Rule 7.5 of the Eastern District of Louisiana requires that memoranda in opposition to a motion be filed eight days prior to the noticed submission date.  The instant Motion had a submission date of October 8, 2021.[3] As of the date of this Order, no memorandum in opposition has been submitted.

Accordingly, because this Motion is unopposed and, importantly, because it appears to the Court that the Motion has merit, **IT IS HEREBY ORDERED** that Avondale's Motion is **GRANTED.**

---

[1] R. Doc. 177.
[2] *Id*. at p. 1.
[3] R. Doc. 178.

I.      **FACTUAL BACKGROUND**[4]

This case arises out of Ronald J. Barrosse's exposure to asbestos.  Barrosse alleged that he was exposed to asbestos and/or asbestos-containing products during the course of his employment at Avondale Industries, Inc. and Union Carbide between 1969 and 1979.[5]  Barrosse was diagnosed with mesothelioma in early March 2020,[6] and sued numerous defendants, including Avondale, in state court on or about May 11, 2020.[7]  The case was removed to this Court on July 17, 2020.[8]  Barrosse subsequently passed away on October 13, 2020.[9]  On January 5, 2021, this Court allowed Barrosse's surviving spouse and children, Lynn Barrosse, Raegan Holloway and Makenzie Striker (collectively, "Plaintiffs"), to substitute themselves as plaintiffs in this case.[10]

On January 13, 2021, Avondale and Lamorak Insurance Company ("Lamorak"),[11] moved for summary judgment, arguing that Plaintiffs' state law negligence claims against them are preempted under the Longshore and Harbor Workers' Compensation Act, 33 U.S.C. §§ 905(a) and 933(i) (the "LHWCA").[12]  The Court granted the Motion on September 24, 2021, and dismissed Avondale and

---

[4] In the interest of judicial economy, and because the factual background of this case was extensively detailed in the Court's September 24, 2021 Order and Reasons that is the basis for the instant Motion (R. Doc. 174), the Court limits its recitation of the facts to the procedural background pertinent to the instant Motion.

[5] R. Doc. 1-1 at ¶ 4.

[6] R. Doc. 174 at p. 3.

[7] R. Doc. 1-1.

[8] R. Doc. 1.

[9] R. Doc. 67.

[10] R. Docs. 69 & 76.

[11] Lamorak was sued as the alleged insurer of Avondale and some of its executive officers.  *See*, R. Doc. 174 at p. 1, n.1.

[12] R. Doc. 86.

Lamorak with prejudice.[13]  Avondale now moves for a partial final judgment under Fed. R. Civ. P. 54(b).[14]  The Motion is unopposed.

## II.    LEGAL STANDARD

Rule 54(b) of the Federal Rules of Civil Procedure provides that, "the Court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment."[15]  The Fifth Circuit has recognized that, "One of the primary policies behind requiring a justification for Rule 54(b) certification is to avoid piecemeal appeals."[16]  The Fifth Circuit has also cautioned that, "A district court should grant certification only when there exists some danger of hardship or injustice through delay which would be alleviated by immediate appeal; it should not be entered routinely as a courtesy to counsel."[17]  Thus, Rule 54(b) judgments are not favored and should be awarded only when necessary to avoid injustice.[18]

The determination of whether "there is no just reason for delay" is left to the sound discretion of the district court.[19]  In making that decision, "the district court

---

[13] R. Doc. 174.

[14] R. Doc. 177.

[15] Fed. R. Civ. P. 54(b).

[16] *PYCA Indus., Inc. v. Harrison County Waste Water Mgmt. Dist.*, 81 F.3d 1412, 1421 (5th Cir. 1996) (citing *Ansam Assocs., Inc. v. Cola Petroleum, Ltd.*, 760 F.2d 442, 445 (2d Cir. 1985)).

[17] *PYCA Indus., Inc.*, 81 F.3d at 1421 (citing *Ansam Assocs., Inc.*, 760 F.2d at 445).

[18] *Altier v. Worley Catastrophe Response, LLC*, Civ. A. Nos. 11-241, 11-242, 2012 WL 161824, at *26 (E.D. La. Jan. 18, 2012) (quoting *Fitch v. Wells Fargo Bank, N.A.*, Civ. A. Nos. 08-1639, 09-3466, 2010 WL 4552455, at *1-2 (E.D. La. Oct. 28, 2010) (citing *PYCA Indus., Inc.*, 81 F.3d at 1421)); *See Ordemann v. Livingston*, Civ. A. No. 06-4796, 2007 WL 1651979 (E.D. La. June 7, 2007) (citing *PYCA Indus., Inc.*, 81 F.3d at 1421) (same).

[19] *See Brown v. Mississippi Valley State University*, 311 F.3d 328, 332 (5th Cir. 2002); *Ackerman v. FDIC*, 973 F.2d 1221, 1224 (5th Cir. 1992); *Fitch*, Civ. A. Nos. 08-1639, 09-3466, 2010 WL 4552455, at

must consider judicial administrative interests as well as the equities involved."[20] The Court also has a duty to weigh the inconvenience and costs of piecemeal review against the danger of injustice from delay.[21]  Thus, one factor that the Court must consider is whether the Fifth Circuit would have to decide the same issues more than once if there were subsequent appeals.[22]

## III.   ANALYSIS

The Court dismissed Avondale and Lamorak after finding that the LHWCA preempts Plaintiffs' state law tort claims.[23]  Avondale and Lamorak are the only parties who raised the preemption issue.  As such, there is no risk that a subsequent appeal in this case will present the Fifth Circuit with the same issue.  Accordingly, the Court finds that the risk of piecemeal appeals does not weigh against granting Avondale's Rule 54(b) Motion.

The Court further finds that Avondale may suffer prejudice if the Court does not grant its Motion.  Avondale asserts that three other Sections of this Court have pending motions for summary judgment under submission on the issue of LHWCA preemption,[24] and that the LHWCA preemption issue has arisen in at least sixteen other cases pending in the Eastern District of Louisiana and the Middle District of

---

*1 (citing *Ackerman*, *supra*); *Altier*, Civ. A. Nos. 11-241, 11-242, 2012 WL 161824 at *26 (citing *Brown, supra*).

[20] *Brown*, 311 F.3d at 332 (quoting *Curtiss-Wright Corp. v. General Elec. Co.*, 446 U.S. 1, 8, 100 S.Ct. 1460, 64 L.Ed.2d 1 (1980)).

[21] *Road Sprinkler Fitters Local Union v. Continental Sprinkler Co.*, 967 F.2d 145, 148 (5th Cir. 1992) (quoting *Dickinson v. Petroleum Conversion Corp.*, 338 U.S. 507, 511, 70 S.Ct. 322, 324, 94 L.Ed. 299 (1950)) (internal quotation marks omitted).

[22] *Sailboat Bay Apartments, LLC v. U.S.*, Civ. A. No. 14-2344, 2015 WL 3772756, at *2 (E.D. La. June 17, 2015) (citing *H & W Indus., Inc. v. Formosa Plastics Corp.*, 860 F.2d 172, 175 (5th Cir. 1988)).

[23] R. Doc. 174.

[24] R. Doc. 177-1 at p. 5 & n.20.

Louisiana, with additional cases likely to be filed in the future.[25]  In light of the numerous cases in which the preemption issue has arisen, and the likelihood that it will continue to arise in future cases, the Court finds that delaying the potential appeal in this case would prejudice Avondale.  Specifically, Avondale will have to litigate the preemption question repeatedly in the district courts until the Fifth Circuit resolves the issue.  The Court finds that the prejudice caused by forcing Avondale to relitigate this question can be alleviated by expediting the time in which the parties can appeal the Court's September 24, 2021 decision.  As such, this factor weighs in favor of granting Avondale's Motion.

Finally, the Court finds that issuing a partial final judgment will serve the interest of judicial economy by hastening the ultimate resolution of the LHWCA preemption question.  A decision by the Fifth Circuit will assist the numerous district courts who have been, or will be, presented with this question.  Thus, this factor also weighs in favor of granting Avondale's Motion.

For all of these reasons, the Court finds that the risk of piecemeal appeals is outweighed by the risk that delay will unfairly prejudice Avondale.  The Court therefore finds that there is no just reason for the delay, and grants Avondale's Motion.

## IV.    CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that the *Ex Parte*/Consent Motion for Entry of Final Judgment Pursuant to Rule 54(B) Regarding

---

[25] R. Doc. 177-1 at p. 5 & n. 21.

Summary Judgment in Favor of The Avondale Interests[26] is **GRANTED.**
Accordingly, the Court directs entry of a final judgment in favor of Avondale and
Lamorak.

New Orleans, Louisiana, November 22, 2021.

**WENDY B. VITTER**
**UNITED STATES DISTRICT JUDGE**

---

[26] R. Doc. 177.